HON. DAVID G. ESTUDILLO

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TWIN HARBORS WATERKEEPER, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> DAHLSTROM LUMBER CO., INC. ) <br> ) <br> Defendant. ) <br> ) <br> _____ ) | No. 3:21-cv-05649 <br><br> CONSENT DECREE |

## I. STIPULATIONS

Plaintiff Twin Harbors Waterkeeper ("Twin Harbors") sent a sixty-day notice of intent to sue letter to Defendant Dahlstrom Lumber Co., Inc. ("Dahlstrom") on or about June 4, 2021, and filed a complaint on September 3, 2021, alleging violations of the Clean Water Act, 33 U.S.C. § 1251 *et seq.*, relating to discharges of stormwater from Dahlstrom's facility in Hoquiam, Washington and seeking declaratory and injunctive relief, civil penalties, and attorneys' fees and costs.

Twin Harbors and Dahlstrom agree that settlement of these matters is in the best interest of the parties and the public, and that entry of this Consent Decree is the most appropriate means of

CONSENT DECREE
No. 3:21-cv-05649
1

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

resolving this action.

Twin Harbors and Dahlstrom stipulate to the entry of this Consent Decree without trial, adjudication, or admission of any issues of fact or law regarding Twin Harbors' claims or allegations set forth in its complaint and its sixty-day notice.

DATED this 26th day of January, 2022.

| STOEL RIVES LLP | SMITH & LOWNEY, PLLC |
|---|---|
| By _____<br>Beth S. Ginsberg, WSBA #18523<br>Veronica M. Keithley, WSBA #52784<br>*Attorneys for Defendant*<br>*Dahlstrom Lumber Co., Inc.* | By *s/Meredith Crafton*<br>Richard A. Smith, WSBA #21788<br>Meredith Crafton, WSBA #46558<br>Savannah Rose, WSBA #57062<br>*Attorneys for Plaintiff*<br>*Twin Harbors Waterkeeper* |
| DAHLSTROM LUMBER CO., INC. | TWIN HARBORS WATERKEEPER |
| By _____<br>Monte Dahlstrom<br>President of Dahlstrom Lumber Co., Inc. | By _____<br>Sue Joerger<br>Executive Director of Twin Harbors Waterkeeper |

## II. ORDER AND DECREE

THIS MATTER came before the Court upon the Parties' Joint Motion for Entry of Consent Decree and the foregoing Stipulations of the parties. Having considered the Stipulations and the promises set forth below, the Court hereby ORDERS, ADJUDGES, and DECREES as follows:

1. This Court has jurisdiction over the parties and subject matter of this action.

2. Each signatory for the parties certifies for that party that he or she is authorized to enter into the agreement set forth herein.

CONSENT DECREE
No. 3:21-cv-05649
2

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

3. This Consent Decree applies to and binds the parties and their successors and assigns.

4. This Consent Decree and any injunctive relief ordered within applies to the operation, oversight, or both by Dahlstrom of its facility at or about the corner of Airport Way and S Adams St, Hoquiam, WA 98550 (the "Facility"), which is subject to National Pollutant Discharge Elimination System Permit No. WAR000291 (the "NPDES permit").

5. This Consent Decree is a full and complete settlement and release of all the claims in the complaint and the sixty-day notice and all other claims known or unknown existing as of the date of entry of the Consent Decree that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387, arising from operation of the Facility. These claims are released and dismissed with prejudice. Enforcement of this Consent Decree is Twin Harbors' exclusive remedy for any violation of its terms. During the term of the Consent Decree, Plaintiff and its representatives will not support, by financial assistance, personnel time, or otherwise, other lawsuits or potential lawsuits by Twin Harbors' members or other groups or individuals that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387, arising from operation of the Facility.

6. This Consent Decree is a settlement of disputed facts and law. It is not an admission or adjudication regarding any allegations by Twin Harbors in this case or of any fact or conclusion of law related to those allegations, nor evidence of any wrongdoing or misconduct on the part of Dahlstrom.

7. Dahlstrom agrees to the following terms and conditions in full and complete satisfaction of all the claims covered by this decree:

  a. Dahlstrom will comply fully with all conditions of the NPDES permit and

CONSENT DECREE
No. 3:21-cv-05649
3

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

any successor, modified, or replacement permit authorizing discharges of stormwater associated with industrial activity from the Facility.

b.  For a period of one (1) year after the entry of this Consent Decree, Dahlstrom will, on a quarterly basis, electronically forward to Twin Harbors copies of all communications to and/or from Ecology related to its NPDES permit or stormwater discharges from the Facility.

c.  Dahlstrom will have Aspect Consulting collect one stormwater sample per quarter from each designated monitoring point, as required by Condition S4 of the Industrial Stormwater General Permit issued by the Washington Department of Ecology, effective January 1, 2020 ("ISGP"), if sufficient flow occurs, for one year after entry of this Consent Decree. Samples required by this paragraph must be collected no less than five (5) days apart. Dahlstrom will provide the sample results to Twin Harbors within fourteen (14) days after receiving the results.

d.  Dahlstrom will continue to implement and maintain the following BMPs for one year following entry of the Consent Decree:

i.   Clean ditches between log decks to enhance infiltration;

ii.  The sediment traps at four locations on the property to increase infiltration and

remove sediment from stormwater;

iii. The straw bales in the Airport Way ditch;

iv.  The constructed drivable berm at the site entrance that directs stormwater to a grassy area instead of flowing out the site entrance;

CONSENT DECREE
No. 3:21-cv-05649
4

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

       v.       The spill containment kits;

       vi.       The deepened runoff trench to sediment trap that increases storage and infiltration;

       vii.       The boom inventory in preparation for the rainy season;

       viii.       Perform required training as established by its NPDES permit, including retraining all employees prior to first rainfall and increasing the amount of training for new hires;

       ix.       Removal of debris and addition of gravel expeditiously during wet weather;

       x.       Observation and periodic cleaning of sediment traps;

       xi.       Adjusting BMPs in place in response to observations;

       xii.       Frequent communication with key personnel;

       xiii.       Daily checks with PIT drivers to watch for leaks; and

       xiv.       Update its Stormwater Pollution Prevention Plan in accordance with its NPDES permit, including the added second sample location, updated site map, and updated appendices to show training and sampling, clean-up plans, and sample documentation information.

    e.    Dahlstrom will continue to sample stormwater discharge at the Airport Way ditch (001) and the North Culvert Inlet (002) in accordance with its NPDES permit.

    8.    Within ten (10) days of entry of this Consent Decree, Dahlstrom will pay $16,000 (SIXTEEN THOUSAND DOLLARS) to The Confederated Tribes of the Chehalis Reservation for projects to address impairments to, and contribute to the improvement of, the water and/or sediment

CONSENT DECREE
No. 3:21-cv-05649
5

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

quality of Harris Creek, a tributary to the Chehalis River which flows into Grays Harbor, as described in <u>Exhibit 1</u> to this Consent Decree. The check will be made to the order <u>Chehalis Tribe</u> and delivered to:

> Chehalis Tribe
> Attn: Colleen Parrott DNR
> PO Box 536
> Oakville, WA 98568.

Payment will include the following reference in a cover letter or on the check: "Consent Decree, Twin Harbors Waterkeeper v. Dahlstrom Lumber Co., Inc., W.D. Wash. No. 3:21-cv-05649." A copy of the checks and cover letters, if any, will be sent simultaneously to Twin Harbors and its counsel.

9. Within ten (10) days of entry of this Consent Decree by the Court, Dahlstrom will pay $16,000 (SIXTEEN THOUSAND DOLLARS) to cover Twin Harbors' litigation fees, expenses, and costs (including reasonable attorney and expert witness fees) by check payable and mailed to Smith & Lowney, PLLC, 2317 East John St., Seattle, WA 98112, attn: Richard Smith. Dahlstrom's payment will be in full and complete satisfaction of any claims Twin Harbors has or may have, either legal or equitable, and of any kind or nature whatsoever, for fees, expenses, and costs incurred in the Litigation.

10. A force majeure event is any event outside the reasonable control of Dahlstrom that causes a delay in performing tasks required by this Consent Decree that cannot be cured by due diligence. Delay in performance of a task required by this decree caused by a force majeure event is not a failure to comply with the terms of this Consent Decree, provided that Dahlstrom timely notifies Twin Harbors of the event; the steps that Dahlstrom will take to perform the task; the projected time that will be needed to complete the task; and the measures that have

CONSENT DECREE
No. 3:21-cv-05649
6

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

been taken or will be taken to prevent or minimize any impacts to stormwater quality resulting from delay in completing the task.

11. Dahlstrom will notify Twin Harbors of the occurrence of a force majeure event as soon as reasonably possible but, in any case, no later than fifteen (15) days after Dahlstrom becomes aware of the event. In such event, the time for performance of the task will be extended for a reasonable period of time following the force majeure event.

By way of example and not limitation, force majeure events include

    a. Acts of God, war, insurrection, or civil disturbance;

    b. Earthquakes, landslides, fire, floods;

    c. Actions or inactions of third parties over which defendant has no control;

    d. Unusually adverse weather conditions;

    e. Restraint by court order or order of public authority;

    f. Strikes;

    g. Any permit or other approval sought by Dahlstrom from a government authority to implement any of the actions required by this Consent Decree where such approval is not granted or is delayed, and where Dahlstrom has timely and in good faith sought the permit or approval;

    h. Litigation, arbitration, or mediation that causes delay; and

    i. COVID-19 related delays, including supply chain issues.

12. This Court retains jurisdiction over this matter while this Consent Decree remains in force. And, while this Consent Decree remains in force, this case may be reopened without filing fee so that the parties may apply to the Court for any further order that may be necessary to enforce

CONSENT DECREE
No. 3:21-cv-05649
7

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

compliance with this Consent Decree or to resolve any dispute regarding the terms or conditions of this Consent Decree. In the event of a dispute regarding implementation of, or compliance with, this Consent Decree, the parties must first attempt to resolve the dispute by meeting to discuss the dispute and any suggested measures for resolving the dispute. Such a meeting should be held as soon as practical but must be held within thirty (30) days after notice of a request for such a meeting to the other party and its counsel of record. If no resolution is reached at that meeting or within thirty (30) days of the Notice, either party may file a motion with this Court to resolve the dispute. The provisions of section 505(d) of the Clean Water Act, 33 U.S.C. § 1365(d), regarding awards of costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, will apply to any proceedings seeking to enforce the terms and conditions of this Consent Decree.

13. The parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to forty-five (45) days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. EPA. Therefore, upon the filing of this Consent Decree by the parties, Twin Harbors will serve copies of it upon the Administrator of the U.S. EPA and the Attorney General.

14. This Consent Decree will take effect upon entry by this Court. It terminates one year after that date.

15. Both parties have participated in drafting this Consent Decree.

16. This Consent Decree constitutes the entire agreement between the parties. There are no other or further agreements, either written or verbal. This Consent Decree may be modified only

CONSENT DECREE
No. 3:21-cv-05649
8

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

1  upon a writing signed by both parties and the approval of the Court.

2  17.  If for any reason the Court should decline to approve this Consent Decree in the form presented, this Consent Decree is voidable at the discretion of either party. The parties agree to continue negotiations in good faith to cure any objection raised by the Court to entry of this Consent Decree.

18.  Notifications required by this Consent Decree must be in writing. The sending party may use any of the following methods of delivery: (1) personal delivery; (2) registered or certified mail, in each case return receipt requested and postage prepaid; (3) a nationally recognized overnight courier, with all fees prepaid; or (4) email. For a notice or other communication regarding this Consent Decree to be valid, it must be delivered to the receiving party at the one or more addresses listed below or to any other address designated by the receiving party in a notice in accordance with this paragraph 18.

**If to Twin Harbors**:

Lee First
Sue Joerger
Twin Harbors Waterkeeper
P.O. Box 751
Cosmopolis, WA 98537
Email: suejoerger1@gmail.com, leefrider7@gmail.com

**And to**:

Richard A. Smith
Meredith Crafton
Savannah Rose
Smith & Lowney PLLC
2317 East John St.
Seattle, WA  98112
Email: richard@smithandlowney.com, meredith@smithandlowney.com, savannah@smithandlowney.com

CONSENT DECREE
No. 3:21-cv-05649
9

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

**If to Dahlstrom:**

Monte Dahlstrom
Dahlstrom Lumber Co., Inc.
PO Box 36
Hoquiam, WA 98550
Email: dahlstromlumber@live.com

**And to:**

Beth S. Ginsberg
Veronica M. Keithley
Stoel Rives LLP
600 University Street, Suite 3600
Seattle, WA 98101
Email: beth.ginsberg@stoel.com, veronica.keithley@stoel.com

A notice or other communication regarding this Consent Decree will be effective when received unless the notice or other communication is received after 5:00 p.m. on a business day, or on a day that is not a business day, then the notice will be deemed received at 9:00 a.m. on the next business day. A notice or other communication will be deemed to have been received: (a) if it is delivered in person or sent by registered or certified mail or by nationally recognized overnight courier, upon receipt as indicated by the date on the signed receipt; or (b) if the receiving party rejects or otherwise refuses to accept it, or if it cannot be delivered because of a change in address for which no notice was given, then upon that rejection, refusal, or inability to deliver; or (c) for notice provided by e-mail, upon receipt of a response by the party providing notice or other communication regarding this Consent Decree.

DATED this 6th day of April 2022.

CONSENT DECREE
No. 3:21-cv-05649
10

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

 

_____
David G. Estudillo
United States District Judge

Presented by:

| STOEL RIVES LLP | SMITH & LOWNEY PLLC |
|---|---|
| By: *s/Beth Ginsberg*<br>Beth S. Ginsberg, WSBA #18523<br>Veronica M. Keithley, WSBA #52784<br>Attorneys for Defendant<br>Dahlstrom Lumber Co., Inc. | By: *s/ Meredith Crafton*<br>Richard A. Smith, WSBA #21788<br>Meredith Crafton, WSBA #46558<br>Savannah Rose, WSBA #57062<br>Attorneys for Plaintiff<br>Twin Harbors Waterkeeper |

CONSENT DECREE
No. 3:21-cv-05649
11

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883